**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BAHADUR BUDHA BIR,**<br>**A# 221151882,** | § | |
| **Petitioner,** | § | |
| **vs.** | § | **SA-26-CV-3172-FB** |
| **ATTORNEY GENERAL; ET AL.,** | § | |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

Before the Court are Petitioner, Bahadur Budha Bir's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and Federal Respondents' ("Respondents") Response (ECF No. 4). After careful consideration, the Petition (ECF No. 1) is **DISMISSED FOR WANT OF JURISDICTION**.

**BACKGROUND**

Petitioner, through counsel, previously filed a petition for habeas corpus seeking a bond hearing, or alternatively, release from immigration detention. *See Budha Bir, Bahadur v. Warden, South Texas ICE Processing Center, et al.*, No. 5:26-cv-001440-FB, (W.D. Tex. Mar. 5, 2026). On March 19, 2026, the undersigned granted that petition in part, ordering Respondents to either grant Petitioner a bond hearing, or release Petitioner from custody. *See id.* Petitioner was afforded a bond hearing, and on March 23, 2026, the immigration judge ("IJ") denied Petitioner bond on the basis that Petitioner represents a high flight risk. (ECF No. 10).

On May 14, 2026, Petitioner filed the present petition, *pro se*, seeking his release and/or review of the IJ's decision, maintaining his continued detention violates the Due Process Clause of the Fifth Amendment. (ECF Nos. 1, 5).

## DISCUSSION

Courts in this District have held that there is no judicial review of an Immigration Judge's ("IJ") bond determinations. *See, e.g., Leon-Gonzalez v. Anda-Ybarra, et al.*, 3-26-cv-00026-KC (W.D. Tex. February 10, 2026) (ECF No. 12) ("This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond."); *Gonzalez Cambar v. Bondi*, 5:26-CV-210-OLG (W.D. Tex. Dec. February 20, 2026) (ECF No 11) ("While petitioner may be frustrated with the result of that hearing, this Court lacks jurisdiction to review the discretionary judgment of the immigration judge."). This Court agrees and finds that it lacks jurisdiction to review the IJ's determination that Petitioner poses a flight risk and denying bond. "The [Secretary's] discretionary judgment regarding the application [of § 1226] shall not be subject to review. No court may set aside any action or decision by the [Secretary] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (emphasis added). Section 1226(e)'s limitation on jurisdiction applies to "discretionary" decisions about the "application" of § 1226 to particular cases. *See id.*

Further, Petitioner has not exhausted his administrative remedies. *Hinojosa v. Horn*, 896 F. 3d 305, 314 (5th Cir. 2018) (per curiam) (*citing United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam)).

For the foregoing reasons, the Petition (ECF No. 1) is **DISMISSED FOR WANT OF JURISDICTION**.

**SIGNED** this 18th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE